KANTOR & KANTOR, LLP
Glenn R. Kantor, Bar No. 122643
gkantor@kantorlaw.net
Lisa S. Kantor, Bar No. 110678
lkantor@kantorlaw.net
Timothy J. Rozelle, Bar No. 298332
trozelle@kantorlaw.net
19839 Nordhoff Street
Northridge, California 91324
Telephone:   +1.818.886.2525
Facsimile:   +1.818.350.6272

Attorney for Plaintiff, MARIA STEWART

MORGAN, LEWIS & BOCKIUS LLP
Brian T. Ortelere (*admitted pro hac vice*)
bortelere@morganlewis.com
Nicole A. Diller, Bar No. 154842
ndiller@morganlewis.com
Roberta H. Vespremi, Bar No. 225067
rvespremi@morganlewis.com
One Market, Spear Street Tower
San Francisco, California 94105-1596
Telephone:   +1.415.442.1000
Facsimile:   +1.415.442.1001

Attorneys for Defendant
APPLIED MATERIALS, INC. WELFARE PLAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA STEWART, on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLIED MATERIALS, INC. WELFARE PLAN,<br><br>            Defendant | Case No. 3:15-cv-02632-JST<br><br>**STIPULATED HIPAA QUALIFIED PROTECTIVE ORDER** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST

## STIPULATION

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information, including protected health information ("PHI"), for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), 45 C.F.R. § 164.512, and the applicable local rules, the parties stipulate to and petition the court to enter the following Stipulated HIPAA Qualified Protective Order.  The parties, by and through their respective counsel, have mutually agreed that a protective order that meets the requirements of a "qualified protective order," as that term is defined by 45 C.F.R. § 164.512(e)(1)(v), is necessary and mutually agree to remain in full compliance with any privacy requirements imposed by regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 (45 C.F.R. § 164) ("HIPAA").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and PHI as that term is defined under HIPAA and the Federal Regulations enacted pursuant to HIPAA.

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL PROTECTED HEALTH INFORMATION."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), which is produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel:  attorneys who are employees of Applied Materials, Inc.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its fiduciaries, trustees, recordkeepers, administrators, and their successors in interest, as well as consultants, retained experts, insurers, re-insurers, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

///

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST

1    2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," which designation is not challenged or, if challenged, survives such challenge.

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment in this action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

///

///

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below) or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  If the confidential information used or disclosed is PHI, the designating party shall affix the phrase "CONFIDENTIAL PROTECTED HEALTH INFORMATION" on each page containing the PHI.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL PROTECTED HEALTH INFORMATION" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failure to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST

1  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to
2  challenge a confidentiality designation by electing not to mount a challenge promptly after the
3  original designation is disclosed.

4    6.2  <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution
5  process by providing written notice of each designation it is challenging and describing the basis
6  for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written
7  notice must recite that the challenge to confidentiality is being made in accordance with this
8  specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in
9  good faith and must begin the process by conferring directly within 14 days of the date of service
10 of notice.  In conferring, the Challenging Party must explain the basis for its belief that the
11 confidentiality designation was not proper and must give the Designating Party an opportunity to
12 review the designated material, to reconsider the circumstances, and, if no change in designation
13 is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to
14 the next stage of the challenge process only if it has engaged in this meet and confer process first
15 or establishes that the Designating Party is unwilling to participate in the meet and confer process
16 in a timely manner.

17   6.3  <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court
18 intervention, the Designating Party shall file and serve a motion to retain confidentiality under
19 Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days
20 of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer
21 process will not resolve their dispute, whichever is earlier.  Each such motion must be
22 accompanied by a competent declaration affirming that the movant has complied with the meet
23 and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to
24 make such a motion including the required declaration within 21 days (or 14 days, if applicable)
25 shall automatically waive the confidentiality designation for each challenged designation.  In
26 addition, the Challenging Party may file a motion challenging a confidentiality designation at any
27 time if there is good cause for doing so, including a challenge to the designation of a deposition
28 transcript or any portions thereof.  Any motion brought pursuant to this provision must be

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

6

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST

1  accompanied by a competent declaration affirming that the movant has complied with the meet
2  and confer requirements imposed by the preceding paragraph.

3  The burden of persuasion in any such challenge proceeding shall be on the Designating
4  Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose
5  unnecessary expenses and burdens on other parties) may expose the Challenging Party to
6  sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to
7  file a motion to retain confidentiality as described above, all parties shall continue to afford the
8  material in question the level of protection to which it is entitled under the Producing Party's
9  designation until the court rules on the challenge.

10  **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

11  7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed
12  or produced by another Party or by a Non-Party in connection with this case only for prosecuting,
13  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only
14  to the categories of persons and under the conditions described in this Order.  When the litigation
15  has been terminated, a Receiving Party must comply with the provisions of section 13 below
16  (FINAL DISPOSITION).

17  Protected Material must be stored and maintained by a Receiving Party at a location and
18  in a secure manner that ensures that access is limited to the persons authorized under this Order.

19  7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise
20  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
21  disclose any information or item designated "CONFIDENTIAL" or "CONFIDENTIAL
22  PROTECTED HEALTH INFORMATION" only to:

23  (a)    the Receiving Party's Outside Counsel of Record in this action, as well as
24  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
25  information for this litigation and who have signed the "Acknowledgment and Agreement to Be
26  Bound" that is attached hereto as Exhibit A;

27  (b)    fiduciaries, trustees, recordkeepers, administrators, and their successors in
28  interest, as well as consultants, retained experts, House Counsel, and Outside Counsel of Record

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST

(and their support staffs) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (d) the court and its personnel;

  (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

  (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL PROTECTED HEALTH INFORMATION," that Party must:

  (a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

  (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST

Protective Order; and

        (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL PROTECTED HEALTH INFORMATION" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

        (a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL PROTECTED HEALTH INFORMATION."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

        (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        (1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        (2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

9

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The Parties further agree that pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

10

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST

communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.  MISCELLANEOUS**

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  Filing Confidential Protected Health Information.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Protected Health Information.  A Party that seeks to file under seal any Confidential Protected Health Information must comply with Civil Local Rule 79-5.  Confidential Protected Health Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Protected Health Information.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Confidential Protected Health Information at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Confidential Protected Health Information under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

**13.  FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST

1  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must
2  submit a written certification to the Producing Party (and, if not the same person or entity, to the
3  Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all
4  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has
5  not retained any copies, abstracts, compilations, summaries or any other format reproducing or
6  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to
7  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,
8  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work
9  product, and consultant and expert work product, even if such materials contain Protected
10 Material. Any such archival copies that contain or constitute Protected Material remain subject to
11 this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: January 8, 2016

KANTOR & KANTOR LLP
GLENN R. KANTOR
LISA S. KANTOR
TIMOTHY J. ROZELLE

By   */s/ Glenn R. Kantor*
     GLENN R. KANTOR

Attorneys for Plaintiff Maria Stewart

Dated: January 8, 2016

MORGAN, LEWIS & BOCKIUS LLP
BRIAN T. ORTELERE
NICOLE A. DILLER
ROBERTA H. VESPREMI

By   */s/ Nicole A. Diller*
     NICOLE A. DILLER

Attorneys for Defendant Applied Materials, Inc. Welfare Plan

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST

**FILER'S ATTESTATION**

I, Nicole A. Diller, am the ECF user whose identification and password are being used to file this Stipulated HIPAA Qualified Protective Order. In compliance with L.R. 5-1(i)(3), I hereby attest that Glenn R. Kantor concurs in this filing.

Dated: January 8, 2016                    */s/ Nicole A. Diller*
                                          Nicole A. Diller

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST

**[PROPOSED] ORDER**

The above having been stipulated by all parties, and the Court having found good cause, IT IS SO ORDERED.

Date: January 19, 2016

_____
THE HONORABLE
UNITED STATES DISTRICT JUDGE

APPROVED
Judge Jon S. Tigar

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirely and understand the Stipulated HIPAA Qualified Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Stewart v. Applied Materials, Inc. Welfare Plan*, Case No. 3:15-cv-02632-JST.  I agree to comply with and to be bound by all the terms of this Stipulated HIPAA Qualified Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I promise that I will not disclose in any manner any information or item that is subject to this Stipulated HIPAA Qualified Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated HIPAA Qualified Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

15

STIPULATED HIPAA QUALIFIED
PROTECTIVE ORDER
Case No. 3:15-cv-02632-JST